IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHELLE MORRIS, ET AL.,** | : | |
| | : | |
| Plaintiff, | : | Case No.: 1:17-cv-02313 |
| | : | |
| v. | : | Judge Christopher A. Boyko |
| | : | |
| **BODY COUNTOUR CENTERS, LLC, ET AL.** | : | |
| | : | |
| Defendant. | : | |

### ANSWER OF DEFENDANTS

Defendants, Body Contour Centers, LLC ("BCC"), d/b/a Sono Bello, Christofer M. Par (erroneously identified in the Complaint as "Christopher M. Parr"), and Aesthetics Physicians, P.C. ("APPC"), answer Plaintiffs' Collection Action Complaint (Complaint), as follows:

### I. JURISDICTION AND VENUE

1.      Paragraph 1 of the Complaint states a legal conclusion to which no answer is required. Defendants, therefore, deny the allegations.

2.      No response is required to paragraph 2 of the Complaint, which states a legal conclusion to which not answer is required, except that Defendants admit BCC and APPC have done business in Ohio.

### II. PARTIES

**A. Plaintiffs**

3.      Answering paragraph 3 of the Complaint, Defendants admit BCC employed Plaintiff Michelle Morris, who Defendants believe is a U.S. Citizen, from May 27, 2015, until March 7, 2017, as a patient care consultant in Cleveland, Ohio. Defendants deny Plaintiff Morris

was employed jointly or otherwise, by Defendants Par and/or APPC.  Defendants have no knowledge of Plaintiff Morris's current residence and so deny the balance of allegations in paragraph 3.

4. Answering paragraph 4 of the Complaint, Defendants admit BCC employed Plaintiff Marin Kandil, who Defendants believe is a U.S. Citizen, from October 26, 2015, through February 4, 2017, as a patient care consultant in Scottsdale, Arizona.  Defendants deny Plaintiff Kandil was employed, jointly or otherwise, by Defendants Par and/or APPC.  Defendants have no knowledge of Plaintiff Kandil's current residence and so deny the balance of allegations in paragraph 4.

5. Answering paragraph 5 of the Complaint, Defendants admit BCC employed Plaintiff Rebecca Saurer, who Defendants believe is a U.S. Citizen, from April 26, 2016, through March 4, 2017, as a patient care consultant in Edina, Minnesota.  Defendants deny Plaintiff Saurer was employed, jointly or otherwise, by Defendants Par and/or APPC.  Defendants have no knowledge of Plaintiff Saurer's current residence and so deny the balance of allegations in paragraph 5.

6. Answering paragraph 6 of the Complaint, Defendants admit BCC employed Plaintiff Jae Kateylyn Letzkus, who Defendants believe is a U.S. Citizen, from July 7, 2014, through September 14, 2016, as a patient care consultant in St. Louis, Missouri.  Defendants deny Plaintiff Letzkus was employed, jointly or otherwise, by Defendants Par and/or APPC.  Defendants have no knowledge of Plaintiff Letskus's current residence and so deny the balance of allegations in paragraph 6.

7. Answering paragraph 7 of the Complaint, Defendants admit BCC employed Plaintiff Brooke Ann Davilla, who Defendants believe is a U.S. Citizen, from October 13, 2015,

through April 28, 2017, as a patient care consultant in San Diego, California and Overland Park, Kansas. Defendants deny Plaintiff Davilla was employed, jointly or otherwise, by Defendants Par and/or APPC. Defendants have no knowledge of Plaintiff Davilla's current residence and so deny the balance of allegations in paragraph 7.

8. Answering paragraph 8 of the Complaint, Defendants admit BCC employed Plaintiff Joanne Batjes, who Defendants believe is a U.S. Citizen, from February 29, 2016, through February 18, 2017, as a "traveler" patient care consultant in multiple locations of BCC. Defendants deny Plaintiff Batjes was employed, jointly or otherwise, by Defendants Par and/or APPC. Defendants have no knowledge of Plaintiff Batjes's current residence and so deny the balance of allegations in paragraph 8.

9. Paragraph 9 of the Complaint and Exhibit A, referenced therein, state legal conclusions to which no answer is required. Defendants have no information to verify the authenticity of Exhibit A.

### B. Defendants

10. Admitted.

11. Defendants admit Defendant Par is the majority owner and Manager of BCC. Except as so admitted, Defendants deny the allegations set forth in paragraph 11 of the Complaint.

12. Admitted.

### III. FACTS

### A. Joint Employers

13. Answering paragraph 13 of the Complaint, Defendants admit BCC is an "employer" as defined by the FLSA, and that the named plaintiffs were its employees. Except as

so admitted, Defendants deny the allegations in paragraph 13 of the Complaint.

14. Denied.

15. Admitted.

16. Admitted.

17. Answering paragraph 17 of the Complaint, Defendants admit BCC and APPC are parties to Management Services Agreement ("MSA"), under which BCC provides all management and support services necessary and appropriate for APPC's provision of professional services (i.e., elective, cosmetic, surgical and non-surgical procedures) in various locations leased by BCC. Except as so admitted, Defendants deny the allegations in paragraph 17 of the Complaint.

18. Answering paragraph 18 of the Complaint, Defendants admit BCC leases and manages the locations in which APPC provides medical services, and in which the named plaintiffs worked. Except as so admitted, Defendants deny the allegations in paragraph 18 of the Complaint.

19. Admitted.

20. Defendants admit that BCC provides marketing and advertising for APPC pursuant to the MSA. Except as so admitted, Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants admit that BCC provides management services for APPC pursuant to the MSA. Except as so admitted, Defendants deny the allegations in paragraph 21 of the Complaint.

22. Answering paragraph 22 of the Complaint, Defendants admit that patient care consultants screen potential clients using certain criteria established, in part, by APPC. Except

as so admitted, Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants admit that BCC operates a call center on behalf of APPC, pursuant to the MSA. Except as so admitted, Defendants deny the allegations in paragraph 23 of the Complaint.

24. Denied.

25. Denied.

26. Denied.

27. Answering paragraph 27 of the Complaint, Defendants admit that as their employer, BCC hires and fires its patient care consultants. Except as so admitted, Defendants deny the allegations in paragraph 27 of the Complaint.

28. Answering paragraph 28 of the Complaint, Defendants admit that as their employer, BCC sets the rate and method of pay and benefits for the patient care consultants. Except as so admitted, Defendants deny the allegations in paragraph 28 of the Complaint.

29. Answering paragraph 29 of the Complaint, Defendants admit that as their employer, BCC controls the work schedules and employment conditions of the patient care consultants. Except as so admitted, Defendants deny the allegations in paragraph 29 of the Complaint.

30. Answering paragraph 30 of the Complaint, Defendants admit that as their employer, BCC controls the employment records of its patient care consultants. Except as so admitted, Defendants deny the allegations in paragraph 30 of the Complaint.

31. Admitted.

32. Denied.

33. Denied.

34. Denied.

35. Paragraph 35 of the Complaint sets forth a legal conclusion to which no answer is required. Defendants, therefore, deny the allegations in paragraph 35.

36. Defendants admit that the gross annual sales made or business done of BCC and APPC each exceeds $500,000. Except as so admitted, Defendants deny the allegations in paragraph 36 of the Complaint.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

37. Answering paragraph 37 of the Complaint, Defendants admit the named plaintiffs were employed by Defendant BCC as patient care consultants for part of the three years preceding the filing of the Complaint. Except as so admitted, Defendants deny the allegations in paragraph 37 of the Complaint.

38. Answering paragraph 38 of the Complaint, Defendants admit the named plaintiffs were employed by Defendant BCC as patient care consultants for some or all of the three years preceding the filing of the Complaint. Except as so admitted, Defendants deny the allegations in paragraph 38 of the Complaint, insofar as it asserts a legal conclusion that does not require an answer as to what is "the applicable statutory period", and is too vague as to the phrase "those similarly situated" to be answered.

39. Answering paragraph 39 of the Complaint, Defendants admit the named plaintiffs were employed by BCC to sell elective cosmetic procedures like those described in paragraph 39. Except as so admitted, Defendants deny the allegations in paragraph 39 of the Complaint.

40. Answering paragraph 40 of the Complaint, Defendants admit the named plaintiffs sold elective cosmetic procedures from inside BCC's offices. Except as so admitted, Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants admit that patient care consultants were not required to have advanced degrees. Except as so admitted, Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants admit that patient care consultants have no supervisory duties. Except as so admitted, Defendants deny the allegations in paragraph 42 of the Complaint.

43. Denied.

44. Admitted, except insofar as it is not clear to whom the named plaintiffs are referring as "those similarly situated".

45. Defendants admit that patient care consultants try to ascertain from potential patients what their needs are, advise patients about available procedures, screen patients for suitability to undergo certain procedures based on a set of criteria established by APPC, advise about the various risks and benefits associated with the procedures, discuss financing options with the patient, provide the patient with intake forms and explain such forms, and arrange for after-care and transportation, among other consultative services. Except as so admitted, Defendants deny the allegations set forth in paragraph 45 of the Complaint.

46. Answering paragraph 46 of the Complaint, Defendants maintain that Exhibit B speaks for itself and is the best evidence of its contents, and therefore, Defendants deny the allegations set forth in paragraph 46.

47. Answering paragraph 47 of the Complaint, Defendants maintain that Exhibit B speaks for itself and is the best evidence of its contents, and therefore deny the allegations set forth in paragraph 47.

48. Defendants admit that BCC's employment of patient care consultants was contingent on their providing proof of required vaccinations TB)and hepatitis B. Except as so

admitted, Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49. Answering paragraph 49 of the Complaint, Defendants admit that patient care consultants are required to attend appointments and consultations in BCC's facilities. Except as so admitted, Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50. Answering paragraph 50 of the Complaint, Defendants admit BCC paid the named plaintiffs and other patient care consultants an annual salary of approximately $50,000, and a commission-based bonus, which typically equaled and often well exceeded the base salary. Except as so admitted, Defendants deny the allegations set forth in paragraph 50 of the Complaint.

51. Answering paragraph 51 of the Complaint, Defendants admit that some patient care consultants did not meet sales targets, and thus received less than 50% of their total compensation from bonuses. Except as so admitted, Defendants deny the allegations set forth in paragraph 51 of the Complaint.

52. Answering paragraph 52 of the Complaint, Defendants admit the named plaintiffs and other patient care consultants worked more than 40 hours per week in some weeks, though less in others. Except as so admitted, Defendants denies the allegations in paragraph 52 of the Complaint.

53. Answering paragraph 53 of the Complaint, Defendants admit the named plaintiffs and other patient care consultants are supposed to arrive before their first appointment and leave after their last appointment, and that as a result, they work more than 40 hours per week in some weeks. Except as so admitted, Defendants denies the allegations in paragraph 53 of the Complaint.

54. Answering paragraph 54 of the Complaint, Defendants admit the named plaintiffs

and other patient care consultants are supposed to work one, six-day week, approximately once per month, and that they may work more than 40 hours in the six-day week. Except as so admitted, Defendants denies the allegations in paragraph 54 of the Complaint.

55. Answering paragraph 55 of the Complaint, Defendants admit the named plaintiffs and other patient care consultants worked more than 40 hours per week some weeks, and in those weeks, did not receive overtime premiums for this work, because they were exempt from the overtime pay requirements of the FLSA pursuant to 29 U.S.C. § 207(i). Except as so admitted, Defendants deny the allegations in paragraph 55.

56. Answering paragraph 56 of the Complaint, Defendants admit the named plaintiffs and other patient care consultants worked more than 40 hours per week some weeks, and in those weeks, did not receive overtime premiums for this work, because they were exempt from the overtime pay requirements of the FLSA pursuant to 29 U.S.C. § 207(i). Except as so admitted, Defendants deny the allegations in paragraph 56 of the Complaint.

57. Answering paragraph 57 of the Complaint, Defendants admit the named plaintiffs and other patient care consultants worked more than 40 hours per week some weeks, and in those weeks, did not receive overtime premiums for this work, because they were exempt from the overtime pay requirements of the FLSA pursuant to 29 U.S.C. § 207(i). Except as so admitted, Defendants deny the allegations in paragraph 57 of the Complaint.

58. Answering paragraph 58 of the Complaint, Defendants admit the named plaintiffs and other patient care consultants worked more than 40 hours per week some weeks, and in those weeks, did not receive overtime premiums for this work, because they were exempt from the overtime pay requirements of the FLSA pursuant to 29 U.S.C. § 207(i). Except as so admitted, Defendants deny the allegations in paragraph 58 of the Complaint.

59. Answering paragraph 59 of the Complaint, Defendants admit the named plaintiffs and other patient care consultants worked more than 40 hours per week some weeks, and in those weeks, did not receive overtime premiums for this work, because they were exempt from the overtime pay requirements of the FLSA pursuant to 29 U.S.C. § 207(i). Except as so admitted, Defendants deny the allegations in paragraph 59 of the Complaint.

60. Answering paragraph 56 of the Complaint, Defendants admit the named plaintiffs and other patient care consultants worked more than 40 hours per week some weeks, and in those weeks, did not receive overtime premiums for this work, because they were exempt from the overtime pay requirements of the FLSA pursuant to 29 U.S.C. § 207(i). Except as so admitted, Defendants deny the allegations in paragraph 56 of the Complaint.

61. Denied.

62. Answering paragraph 62 of the Complaint, Defendants admit they consider patient care consultants to be, and that BCC classified patient care consultants as, exempt from the FLSA's overtime provisions. Except as so admitted, Defendants deny the allegations set forth in paragraph 62 of the Complaint.

63. Answering paragraph 63 of the Complaint, Defendants admit the named plaintiffs and other patient care consultants worked for BCC more than 40 hours per week some weeks, and in those weeks, did not receive overtime premiums for this work, because they were exempt from the overtime pay requirements of the FLSA pursuant to 29 U.S.C. § 207(i). Except as so admitted, Defendants deny the allegations in paragraph 63 of the Complaint.

64. Defendants deny the conclusory, first sentence of paragraph 64 of the Complaint. Defendants admit patient care consultants kept time sheets. Plaintiffs are directed to Defendants' previous answers with respect to the repeated factual allegations set forth in paragraph 64.

65. Defendants admit that BCC was the defendant in Bazzell et al v. Body Contour Centers, LLC. Except as so admitted, Defendants deny the allegations in paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint sets forth a legal conclusion to which no answer is required. Defendants, therefore, deny the same.

## COUNT I

### Violation of the FLSA: Failure to Pay Overtime

67. Defendants reassert and incorporate by reference their answers to paragraphs 1 through 66 of the Complaint.

68. Paragraph 68 sets forth a legal conclusion and argument to which no answer is required, and as such, is denied by Defendants.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Admitted.

74. Denied.

75. Denied.

76. Denied.

77. Defendants admit that BCC is in possession and control of payroll documentation necessary to determine hours worked and amounts paid to its patient care consultants for the last three years. Except as so admitted, Defendants deny the allegations in paragraph 77 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny plaintiffs are entitled to any of the relief requested in the Complaint.

Having fully answered the Complaint, Defendants assert the following:

## AFFIRMATIVE DEFENSES

A.  Plaintiff has failed to state facts sufficient to define a Collective Class under 29 U.S.C. § 216(b).

B.  Defendants APPC and Chris Par did not jointly or otherwise employ patient care consultants, including without limitation, the named plaintiffs.

C.  Defendant BCC is a "retail or service establishment" that operates under a "retail concept" as provided under 29 C.F.R. §§ 779.316 and 779.317. As such, Defendant BCC, which did employ patient care consultants, is exempt from the overtime provisions of the FLSA pursuant to 29 U.S.C. § 207(i), as to its employees who are paid on a commission basis.

D.  A bona fide dispute exists as to whether Defendant BCC operates under a "retail concept," and therefore, as to the applicability of 29 U.S.C. § 207(i).

E.  Plaintiffs and other patient care consultants were paid at a rate far in excess of 1.5 times the minimum wage for all hours worked.

F.  Plaintiffs and other patient care consultants were paid commission-based bonuses that constituted more than half of their total compensation during a representative period.

G.  Patient care consultants who met BCC performance requirements, had a total annual compensation of at least $100,000 and customarily and regularly performed any one or more of the exempt duties or responsibilities of an executive, administrative, or professional employee.

H.  Accordingly, patient care consultants are presumed exempt as "highly

compensated" employees pursuant to 29 C.F.R. § 541.601.

I. Defendants have relied in good faith on regulations adopted by the Department of Labor to implement the FLSA, including without limitation, 29 C.F.R. §§ 779.316, 779.317, 779.411-.421, and 541.601.

J. At all times relevant to the Complaint, Defendants have acted in good faith, in compliance with Section 11 of the Portal to Portal Act.

K. Defendants did not willfully violate the FLSA, because any acts or omissions giving rise to this action were reasonable and not undertaken with reckless disregard as to whether such actions or omissions violated the FLSA.

## DEFENDANTS' PRAYER FOR RELIEF

Defendants hereby request denial of collective action status; dismissal of Defendants Par and APPC, who do not employ patient care consultants; judgment against Plaintiffs and in favor of Defendants; Defendants' costs and attorney's fees, as may be permitted by law; and such other relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Lisa M. Kathumbi*
Lisa M. Kathumbi (0081441)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, OH 43215-4291
Telephone: (614) 227-2300
Fax: (614) 227-2390
lkathumbi@bricker.com
*Counsel for Defendants*

            Tracy M. Miller (WSBA #24281)
            Richard J. Omata (WSBA #7032)
            KARR TUTTLE CAMPBELL
            701 Fifth Avenue, Suite 3300
            Seattle, WA 98104
            Telephone: 206-223-1313
            tmiller@karrtuttle.com
            romata@karrtuttle.com
            *Counsel for Defendants*

            *Pro hac vice applications forthcoming*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2017, a copy of ANSWER OF DEFENDANTS was served via the Court's electronic filing system and regular U.S. mail upon:

James A. DeRoche
Garson Johnson
1600 Midland Bldg.
101 Prospect Avenue, W
Cleveland, OH 44115
216-696-9330
Fax: 216-696-8558
Email: jderoche@garson.com
*Attorney for Plaintiffs*

Jeffrey Donald Johnson
Garson Johnson
1600 Midland Bldg.
101 Prospect Avenue, W
Cleveland, OH 44115
216-696-9330
Fax: 216-696-8558
Email: jjohnson@garson.com
*Attorney for Plaintiffs*

Robert E. DeRose , II
Barkan Meizlish Handelman Goodin
DeRose Wentz
10th Floor
250 East Broad Street
Columbus, OH 43215
614-221-4221
Fax: 614-744-2300
Email: bderose@barkanmeizlish.com
*Attorney for Plaintiffs*

Stuart I. Garson
Garson Johnson
1600 Midland Bldg.
614 Superior Avenue, NW
Cleveland, OH 44113
216-696-9330
Fax: 216-696-8558
Email: garson@garson.com
*Attorney for Plaintiffs*

Robi J. Baishnab
Barkan Meizlish Handelman Goodin
DeRose Wentz
10th Floor
250 East Broad Street
Columbus, OH 43215
614-221-4221
Fax: 614-744-2300
Email: rbaishnab@barkanmeizlish.com
*Attorney for Plaintiffs*

                                         */s/ Lisa M. Kathumbi*
                                         Lisa M. Kathumbi (0081441)