## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Morris, *et al*, | : |
| Plaintiffs, | : Case No. 1:17-cv-02313 |
| -vs- | : **Judge Christopher A. Boyko** |
| Body Contour Centers, LLC, *et al*. | : |
| Defendants. | : |

## JOINT MOTION TO APPROVE SETTLEMENT

Now come Named Plaintiffs- Michelle Morris, Bethany Mikkola, Brooke Davilla, Jae Letzkus, JoAnne Batjes, Marin Kandil, and Rebecca Sauerer- on behalf of themselves and those similarly situated Opt-In Plaintiffs (collectively hereinafter "Plaintiffs") and by and through their undersigned counsel, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), moves this Court for an Order approving settlement of the parties as memorialized in the Settlement Agreement (the "Agreement"). The Agreement as to the Plaintiffs is attached hereto as **Exhibit A**. If this Court approves the Settlement Agreement and Release of Claims, the Parties further request that this Court enter an Order dismissing this matter with prejudice. A Memorandum in Support and a Proposed Order is attached.

Date: December 28, 2018.

Respectfully submitted,

*/s/Robert E. DeRose*             */s/Tracy M. Miller*
Robert E. DeRose (OH Bar No. 0055214)    Tracy M. Miller (WSBA #24281)
Jessica R. Doogan (OH Bar No. 0092105)    Richard J. Omata (WSBA #7032)
Jason C. Cox (OH Bar No. 0095169)       **KARR TUTTLE CAMPBELL**
**BARKAN MEIZLISH HANDELMAN**     701 Fifth Avenue, Suite 3300
**GOODIN DEROSE WENTZ, LLP**        Seattle, WA 98104
250 E. Broad St., 10th Floor               Telephone: 206-223-1313
Columbus, Ohio 43215                    Email: tmiller@karrtuttle.com
Telephone: (614) 221-4221                  romata@karrtuttle.com
Fax: (614) 744-2300

Email: bderose@barkanmeizlish.com
      jcox@barkanmeizlish.com

| | |
|---|---|
| James A. DeRoche (0055613) | Lisa M. Kathumbi (0081441) |
| Jeffrey D. Johnson (0077404) | **BRICKER & ECKLER LLP** |
| **GARSON JOHNSON LLC** | 100 South Third Street |
| 101 W. Prospect Avenue | Columbus, OH 43215-4291 |
| 1600 Midland Building | Telephone: (614) 227-2300 |
| Cleveland, OH 44115 | Fax: (614) 227-2390 |
| Phone: (216) 696-9330 | Email: lkathumbi@bricker.com |
| Fax: (216) 696-8558 | |
| Email: jderoche@garson.com | |
|      jjohnson@garson.com | |
| | |
| *Attorneys for the Plaintiffs* | *Attorneys for Defendants* |
| *and Similarly Situated Employees* | |

**MEMORANDUM IN SUPPORT**

**I.     STANDARD OF REVIEW**

Generally speaking, an employee's claims under the FLSA cannot be waived and may not be settled without supervision of either the Secretary of Labor or a district court. *Sharier v. Top of the Viaduct, LLC,* No. 5:16-cv-343, 2016 U.S. Dist. 2017 WL 961029, at *1 (N.D. Ohio Mar. 13, 2017); *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704-08 (1945), *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), and *Schulite, Inc. v. Gangi*, 328 U.S. 108, 113 n. 8, 66 S. Ct. 925 (1946).

Courts have previously held that the purpose of the court review of the settlement is to "ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hour, and overtime*." Schneider v. Goodyear tire & Rubber Co.*, No. 5:13CV2741, 2014 WL 2579637, at *2 (N.D. Ohio June 9, 2014) citing *Rotuna v. W. Customer Mgmt. Group, LLC*, No. 4:06CV1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 Supp.2d 714, 719 (E.D. La. 2000) (further citations omitted).

Importantly, Courts have determined that if a "bona fide dispute" exists, the existence of such a dispute serves as a guarantee to the court that the parties have not manipulated the settlement process to permit the employer to avoid its obligation under the FLSA. *Rotuna*, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 Supp.2d 714, 719 (E.D. La. 2000) (further citations omitted).  Some of the factors used by the Courts within the Sixth Circuit to evaluate the fairness, reasonableness, and adequacy of an FLSA settlement are: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) the public interest

in the settlement. *Intl. Union, United Auto, Aerospace, and Agricultural Implement Workers of America v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *See Granada Inv., Inc., v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Williams v. Vukovich*, 720 F.2d 909, 922-923 (6th Cir. 1983) .

### III. ARGUMENT

**A. The Settlement is a fair resolution of a bona fide dispute.**

The Agreement negotiated by the Parties is a fair, reasonable, and adequate resolution of Plaintiffs' FLSA claims. Each of the aforementioned factors that are considered by Courts within the Sixth Circuit, weigh in favor of approving the Parties' negotiated Settlement.

First, there has been no fraud or collusion in this negotiated settlement. The Parties have disagreements with regards to the law's application in this case and explored their relative positions. All negotiations have been at arm's length. The Parties have engaged in approximately four months of significant arm-length settlement negotiations including a mediation conference, assisted by experienced mediator, Cliff Freed, Esq. Only after a careful analysis of each Party's position and the assistance of Mr. Freed, the Parties were able to reach an agreement. Accordingly, there is no evidence of fraud or collusion.

Second, the complexity, expense, and likely duration of this litigation weigh in favor of early resolution of this case. The Named Plaintiffs represent a conditionally certified class of fifty eight (58) employees who all signed a Notice giving their consent to join this class and be bound by the decisions of Plaintiffs' Counsel and the Named Plaintiffs. The litigation, if the Parties did not reach a fair and reasonable resolution, would be long and expensive for both sides. It is in the interest of all Parties to resolve this matter as quickly and efficiently as possible.

Third, discovery in this case was limited to the information necessary to calculate the hours worked and the amount of overtime compensation Plaintiffs alleged they were owed. These

documents were critical to evaluate the amount of damages for each named plaintiff and opt-in plaintiff in the case. Accordingly, through discovery the Parties have obtained the information necessary to engage in fully informed and good faith settlement negotiations.

Fourth, given the Parties' likelihood of success, both Parties are better served through settlement of this matter. "The likelihood of success . . . provides a gauge from which the benefits of the settlement must be measured." *General Tire & Rubber Co. Sec. Litig.,* 726 F.2d 1075, 1086 (6th Cir. 1984). Here, while Named Plaintiffs are confident in their position that they were not exempt from the requirement to be paid overtime under the FLSA, they are also aware of the risk that a jury made determine otherwise. Similarly, while the Defendants are confident in its position that the Plaintiffs were classified appropriately as exempt from the requirements to receive overtime under the FLSA, Defendants are aware that a jury may disagree. In light of the risk inherent in each Party's positions, both Parties are justified in their desire to compromise through settlement.

Fifth, counsel for both Parties, who are experienced in wage and hour litigation, believe that this settlement is fair and reasonable. As previously discussed, experienced counsel for both Parties, have sought and obtained the discovery necessary to evaluate each other's positions, have briefed various issues before this Court and received a ruling upon the same, and have competently advised their clients as to the strengths and weaknesses of their cases. After reviewing the facts and law before them, counsel for the Parties believe settlement is warranted in this case and that the Agreement reached is fair, reasonable, and adequate.

Finally, as noted by several courts, public policy favors early resolution of claims. *See UAW v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). Public policy does not dictate otherwise in this case, where the Parties have engaged in good faith and arms-length settlement negotiations and believe they have reached a fair, reasonable, and adequate settlement agreement.

**B. Plaintiff's counsel's fees are proper and reasonable.**

The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b) (a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."). Indeed, "[a]n award of attorneys' fees under the FLSA is *mandatory*, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc*. Case No. 3:90CV7087, 1993 WL 659253, *3 (N.D. Ohio May 14, 1993) (*citing United Slate, Tile & Composition v. G & M Roofing,* 732 F.2d 495, 501 (6th Cir.1984)). There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable; thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *See Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages). This principle has been applied in many cases in the FLSA context.[1]

---

[1] *See, e.g., Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based the attorney's lodestar hourly rates); *Hodgson v. Miller Brewing Co.,* 457 F.2d 221, 228-29 (7th Cir. 1972); *Perdomo v. Sears, Rosebuck & Co.,* Case No. 97-2822-CIV-T-17A, 1999 WL 1427752, *10 (M.D. Fla. Dec. 3, 1999); *Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1313, 1327 (M.D. Fla. 2001); *Heder v. City of Two Rivers,* 255 F.Supp.2d 947, 955 (E.D. Wis. 2003); *Albers v. Tri-State Implement, Inc*., 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97).

The standard for reviewing a request for attorney's fees is reasonableness. *See Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 249 (S.D. Ohio 1991). Pursuant to the terms of the Settlement, Defendant has agreed to pay Plaintiffs' attorneys' fees and legal costs incurred in this action in the amount of $131,500.00. (*See* Exhibit A, Section 1).

Plaintiff's Counsel has frequently established their rates as appropriate in light of their expertise and skill. The hourly rates charged by Plaintiff's Counsel and the amount of hours worked are reasonable based on the prevailing market rates, and have been subject to frequent approval by courts in similar FLSA settlements. *See* Order Approving Section 216(b) Settlement in *Acosta v. Healthcare Services Group, Inc.*, Case No. 13-cv-03429 (D. Colorado 2013) (approving the parties' settlement of individual FLSA claims and concluding that the attorney fees are reasonable); *Lewis v. Huntington Nat'l Bank*, 789 F.Supp. 2d 863 (S.D. Ohio 2011) (finding the hours and rates of Barkan Meizlish, LLP and co-counsel to be reasonable after reviewing the time records); *Heibel v. U.S. Bank Nat'l. Ass'n*, 2012 WL 4463771 (S.D. Ohio Sept. 27, 2012) (approving the Class and Collective Action Settlement and finding Plaintiffs' requested amounts for attorneys' fees and costs to be reasonable).

In the instant case, Plaintiff's Counsel has expended approximately **411.45[2] hours** and incurred approximately **$10,458.87[3] in expenses**, which equates to an effective hourly rate of approximately **$294.18 per hour** which is in-line with other FLSA settlements in this Court. *See, Johnson, et al. v. Kestrel Engineering, Inc.*, 2016 U.S. Dist. LEXIS 137007 (Sargus, J.) (This Court

---

[2] Barkan Meizlish, LLP has expended 257.2 hours, or $69,565.50 in attorney fees, Garson Johnson, LLC has expended 101.25 hours, or $34,874.20 in attorney fees, and Kisling, Nestico & Redick, LLC has expended 53 hours, or $18,900.00 in attorney fees.

[3] Barkan Meizlish, LLP has incurred **$7,492.61** in expenses and Garson Johnson, LLC has incurred **$2,966.26** in expenses, and Kisling, Nestico & Redick, LLC has incurred **$0.00** in expenses.

found that the median rate for attorneys who practice employment law on the labor side in Ohio was $288.00 per hour and the mean rate of $313.00 per hour.) Furthermore, Plaintiff's Counsel represented Plaintiff on a contingent basis. Accordingly, in light of the settlement achieved, the Parties request that the Court deem the attorneys' fees proper and reasonable.

## IV. CONCLUSION

As each of these factors considered above weigh in favor of finding the settlement of this matter fair and reasonable, the Parties respectfully request that this Court approve the Settlement Agreement and Release of Claims (Ex. A) and enter a Dismissal Order dismissing this case with prejudice, each side to bear their own attorney's fees and costs.

Dated: December 28, 2018

Respectfully submitted,

| | |
|---|---|
| */s/Robert E. DeRose* | */s/Tracy M. Miller* |
| Robert E. DeRose (OH Bar No. 0055214) | Tracy M. Miller (WSBA #24281) |
| Jessica R. Doogan (OH Bar No. 0092105) | Richard J. Omata (WSBA #7032) |
| Jason C. Cox (OH Bar No. 0095169) | **KARR TUTTLE CAMPBELL** |
| **BARKAN MEIZLISH DEROSE** | 701 Fifth Avenue, Suite 3300 |
| **WENTZ MCINERNEY PEIFER, LLP** | Seattle, WA 98104 |
| 250 E. Broad St., 10th Floor | Telephone: 206-223-1313 |
| Columbus, Ohio 43215 | Email: tmiller@karrtuttle.com |
| Telephone: (614) 221-4221 | romata@karrtuttle.com |
| Fax: (614) 744-2300 | |
| Email: bderose@barkanmeizlish.com | |
| jcox@barkanmeizlish.com | |
| | |
| James A. DeRoche (0055613) | Lisa M. Kathumbi (0081441) |
| Jeffrey D. Johnson (0077404) | **BRICKER & ECKLER LLP** |
| **GARSON JOHNSON LLC** | 100 South Third Street |
| 101 W. Prospect Avenue | Columbus, OH 43215-4291 |
| 1600 Midland Building | Telephone: (614) 227-2300 |
| Cleveland, OH 44115 | Fax: (614) 227-2390 |
| Phone: (216) 696-9330 | Email: lkathumbi@bricker.com |
| Fax: (216) 696-8558 | |
| Email: jderoche@garson.com | |
| jjohnson@garson.com | |
| | |
| *Attorneys for the Plaintiffs* | |
| *and Similarly Situated Employees* | *Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2018 a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        */s/Robert E. DeRose*_____
                                        Robert E. DeRose